1  ALEX G. TSE (CABN 152348)
   Acting United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  SAMANTHA SCHOTT (NYBN 5132063)
   Special Assistant United States Attorney
5
        1301 Clay Street, Suite 340S
6       Oakland, California 94612
        Telephone: (510) 637-3680
7       FAX: (510) 637-3724
        samantha.schott@usdoj.gov
8
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: CR 18-0095 JSW |
| Plaintiff, | ORDER DETAINING DEFENDANT PRIOR TO TRIAL |
| v. | |
| CHINO ORLANDO JONES, | |
| Defendant. | |

On March 8, 2018, a three-count Indictment was filed, charging Defendant Chino Orlando Jones with three violations of Title 18, United States Code, Section 922(g)(1) – Felon in Possession of a Firearm and/or Ammunition. On March 14, 2018, Defendant appeared before this Court for arraignment on the Indictment, and the government moved for detention. On March 19, 2018, Defendant appeared before this Court for a status on detention. Defendant appeared before this Court on March 22, 2018, for detention hearing and was represented by his counsel, Assistant Federal Public Defender Angela Hansen. Special Assistant United States Attorney Samantha Schott represented the United States.

The government again moved for detention, submitting that no condition or combination of conditions would reasonably assure the safety of the community or Defendant's future appearance in court. Pretrial Services submitted a report highlighting Defendant's significant risk of non-appearance

ORDER DETAINING DEFENDANT PRIOR TO TRIAL
CR 18-0095 JSW

and danger to the community. While Pretrial Services noted in its report to the Court that Defendant's risk of non-appearance and danger to the community could potentially be mitigated if appropriate sureties could be identified, Pretrial Services agreed that the sureties proposed by Defendant were inadequate.

Upon consideration of the Pretrial Services report, the court file, and the party proffers at the detention hearing, the Court finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community. Accordingly, the Court orders Defendant detained pending trial.

This Order supplements the Court's findings at the detention hearing and serves as written findings of fact and statement of reasons as required by Title 18, United States Code, Section 3142(i).

The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and record of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

In considering all of the facts and proffers presented at the hearing, the Court finds the following factors among the most compelling in reaching its conclusion that no combination of conditions can reasonably assure the safety of the community. First, Defendant has a substantial criminal history despite his age, including three felony convictions. Second, the Court notes its particular concern that Defendant was on probation both at the time of each of the charged incidents, as well as during numerous previous arrests that resulted in conviction. Defendant's probation was in fact terminated unsuccessfully several times before his newest probation sentences, suggesting that he is not amenable to community supervision, and that community supervision will not mitigate the risks he poses to the

ORDER DETAINING DEFENDANT PRIOR TO TRIAL
CR 18-0095 JSW

community. Finally, the Court notes that while Pretrial Services finds that Defendant's risk of non-appearance and danger to the community could potentially be mitigated with appropriate sureties to sign onto Defendant's bond, Defendant's proposed sureties are inadequate and cannot provide the Court with sufficient assurance that, if released, the risks the Defendant poses to the community would be mitigated. The Court notes that neither of Defendant's proposed sureties have any assets that could be recovered if Defendant absconded, and both proposed sureties have considerable criminal histories, such that the Court finds that they cannot provide sufficient moral suasion over Defendant to mitigate the risks the Defendant poses to the community if released. Given the nature of the crimes as alleged, as well as the history and characteristics of the Defendant, the Court determines that, on the record before it, there is no condition or combination of conditions of release that can reasonably assure the safety of any other person and the community.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS HEREBY ORDERED THAT:

(1) Defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2) Defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

This Order is without prejudice to reconsideration at a later date if circumstances change.

IT IS SO ORDERED.

March 23, 2018

_____
HON. DONNA M. RYU
United States Magistrate Judge

ORDER DETAINING DEFENDANT PRIOR TO TRIAL
CR 18-0095 JSW